```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EXPORTING COMMODITIES INTERNATIONAL, LLC, | 1:16-cv-09080-NLH-KMW |
| Plaintiff, | **OPINION** |
| v. | |
| SOUTHERN MINERALS PROCESSING, LLC, | |
| Defendant. | |

**APPEARANCES**:

JOSEPH B. SILVERSTEIN
GREEN, SILVERSTEIN & GROFF, LLC
215 SOUTH BROAD STREET
SUITE 500
PHILADELPHIA, PA 19107
     On behalf of Plaintiff

JOSEPH ABRAHAM BAHGAT
THE PRIVACY FIRM PC
1701 WALNUT ST. FL. 7
PHILADELPHIA, PA 19103-5220
     On behalf of Defendant

**HILLMAN**, District Judge

Plaintiff, Exporting Commodities International, LLC ("ECI"), located in New Jersey among other places, filed a complaint for breach of contract and related claims against Defendant, Southern Minerals Processing, LLC ("SMP"), an Alabama company, for SMP's alleged breach of the parties' agreement that ECI purchase the remaining coal stockpile at a closed power plant owned by Mississippi Power. Previously, ECI filed a

motion for default judgment against SMP. SMP objected to the entry of default against it, opposed ECI's motion for default judgment, and lodged a motion to dismiss ECI's complaint, primarily on the basis that ECI's complaint should be dismissed for lack of personal jurisdiction.

In resolving the pending motions, the Court vacated default and dismissed ECI's complaint, finding that the exercise of personal jurisdiction over SMP in this Court did not satisfy the requirements of due process. The Court concluded that ECI had not established that SMP had sufficient contacts to New Jersey, or that SMP's presence in this Court would comport with fair play and substantial justice. (Docket No. 28.)

Following the Court's decision, SMP filed a motion for sanctions and attorney's fees. SMP argues that ECI brought its complaint in bad faith and knew from the outset that not only did no enforceable contract exist, personal jurisdiction over SMP was completely and obviously lacking. ECI refutes SMP's position, and also argues that SMP's motion is procedurally barred under Fed. R. Civ. P. 11, and is not appropriately brought under Fed. R. Civ. P. 54 and Local Civil Rule 54.1 and 54.2.

The sanctions requested by SMP typically cannot be imposed through the wisdom of hindsight, and can only be assessed through the lens of what was reasonable at the time. <u>Quiroga v.</u>

2

Hasbro, Inc., 934 F.2d 497, 502 (3d Cir. 1991) ("[The district court must resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (citation omitted)). Sanctions in the form of attorneys' fees and reimbursement of costs cannot be used as a fee shifting device to contravene the American rule that each litigant covers its own legal expenses. Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987) (discussing sanctions pursuant to Fed. R. Civ. P. 11).

Moreover, sanctions are not appropriate when a party's "only sin was being on the unsuccessful side of a ruling." Id.; Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 297 (3d Cir. 2010) (citation omitted) (explaining that sanctions "must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute," and it "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories"). Finally, the sanctions requested by SMP are reserved for the exceptional circumstance where a claim is patently unmeritorious or frivolous, even though not brought in subjective bad faith. See Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (assessing Rule 11 sanctions); Hughes v. Rowe, 449 U.S. 5, 14 (1980)

(assessing the imposition of attorneys' fees and costs as a prevailing party under 42 U.S.C. § 1988, and stating that the plaintiff's action "must be meritless in the sense that it is groundless or without foundation"); Quiroga, 934 F.2d at 502-03 (assessing the imposition of attorneys' fees and costs as a prevailing party under 42 U.S.C. § 2000e-5(k)).

In this case, the Court issued a detailed 25-page Opinion thoroughly analyzing the relevant case law and the parties' arguments on the personal jurisdiction issue. Even though the Court concluded that there was "scant evidence that SMP engaged in the kind of purposeful activity necessary for a valid assertion of personal jurisdiction over a nonresident defendant" (Docket No. 28 at 24), the Court reached that conclusion after much deliberation and analysis. If the personal jurisdiction issue were as straightforward from the outset of the case as SMP argues, the Court's deliberations on the issue would have been much more brief.

The Court understands SMP's frustrations, particularly when it ultimately prevailed on its position. The Court also recognizes the procedural missteps by ECI in service and docket filings, pointed out by SMP in support of its argument that ECI unnecessarily prolonged the ligation which ultimately should have been brought in Alabama – if at all.

But "[w]herever the law draws a line there will be cases

4

very near each other on opposite sides." U.S. v. Wurzbach, 280 U.S. 396, 399 (1930). The Court concludes that this case does not fall on the "patently unmeritorious or frivolous" side of the line. SMP's motion for the reimbursement of attorney's fees and costs will be denied.[1]

An appropriate Order will be entered.


Date: July 13, 2018　　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[1] Because the Court denies SMP's motion on a substantive basis, it is not necessary to delve into whether the procedure by which SMP brought its motion is correct. See, e.g., In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 102 (3d Cir. 2008) (discussing the substantive and procedural differences between a court imposing sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, and noting that under either provision, a motion for sanctions should be filed within a reasonable time, and that ultimately it is a court's inherent power to impose sanctions).